Bartlett, J.
This is a Suit to foreclose a mortgage. After judgment against the West Bradley and Cary Manufacturing Company had been taken by default, Keller and Waterman, the present appellants, being the owners of a judgment against the corporation, recovered after the filing of the notice of lis pendens, were allowed to come in and contest the validity of the mortgage. The issues raised by the answer, which they interposed, were sent to a referee to hear and determine, and, upon the coming in and confirmation of his report, it was ordered that the previous, judgment should stand and be the judgment in the action, with certain additions in respect to costs and disbursements.
The complaint alleged that, for a portion of the interest on the mortgage accruing prior to January 1, 1885, the-plaintiff had recovered a judgment which was entirely *387 unsatisfied. This allegation was not denied in the answer; and the appellants insist that this should have been deemed by the referee a fatal objection to the maintenance of the action. The order permitting the intervention of the appellants, however, authorized them only to contest the validity of the mortgage — not to insist upon any facts tending merely to show a suspension of the plaintiff’s remedy. Their rights in the case were limited by the terms of the order, and this objection in nowise relates to the validity of the mortgage. In our opinion, therefore, it is not available in their behalf.
A careful examination of the evidence, all of which has been read, fails to convince us that the referee erred in holding the mortgage to be valid. Assuming that he was wrong in some of the rulings which are criticised in the appellants’ points, we think he would have been obliged to reach the same result, even if he had excluded the evidence to which objection was made. That there were circumstances in the case which justified suspicion cannot be denied. Indeed, these were quite sufficient to warrant the appellants in seeking to come into the suit, and thoroughly investigate all the matters relating to the making of the several mortgages from the defendant corporation to the plaintiff. For this reason, we think the appellants should be relieved, not only from the costs as they were by the decree appealed from, but also from payment of the sum therein charged against them on account of the plaintiff’s disbursements.
The action of the appellants in this litigation was rendered proper by the transactions of the plaintiff or her agents with reference to the mortgage in suit; and it seems to us inequitable, under all the circumstances of the case, to compel the appellants to pay anything whatever by reason of having insisted upon a full disclosure of all the transactions between the plaintiff and the corporation mortgagor.
The judgment should be modified by striking out the award of $547 to the plaintiff, on account of her disbursements, and, as thus modified, should be affirmed, without costs to either party on this appeal.
Brady and Daniels, JJ., concur.